IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Civil Action No. 21-4064 |
| DARYL ROTHMUND, | : | |
|     Debtor. | : | Bankruptcy No. 18-12225-mdc |
| | : | |
| JENZACK PARTNERS, LLC, | : | Adversary No. 19-00143-mdc |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DARYL ROTHMUND, | : | |
|     Defendant. | : | |
| DARYL ROTHMUND, | : | |
|     Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| JENZACK PARTNERS, LLC, | : | |
|     Appellee. | : | |

### MEMORANDUM

**Schmehl, J.**   /s/ JLS                                                               September 28, 2022

      This is an appeal from a final judgment of the United States Bankruptcy Court for the Eastern District of Pennsylvania. For the reasons that follow, the final judgment of the Bankruptcy Court is affirmed.

    **I.**    **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

      On April 2, 2018, Daryl Rothmund ("Rothmund"), the debtor in the underlying bankruptcy matter, filed a voluntary chapter 7 bankruptcy petition. Jenzack Partners, LLC ("Jenzack"), holds a claim of almost $800,000.00 against Rothmund based on a 2011 judgment

1

against Rothmund entered by the Court of Common Pleas of Bucks County, Pennsylvania in favor of Sovereign Bank, which was subsequently assigned to Jenzack in 2014.

In the years prior to Rothmund's bankruptcy filing, Jenzack engaged in extensive discovery in aid of execution on the 2011 judgment. In addition, approximately two months after the bankruptcy filing, on June 7, 2018, Jenzack filed a Motion for Entry of Order Directing Rule 2004 Examination and Production of Documents (the "Rule 2004 Motion"). This motion sought an examination of Rothmund and production of documents pursuant to Federal Rule of Bankruptcy Procedure 2004, "to investigate and examine the Debtor and the Debtor's fraudulent transfer of assets and contracts…." On July 25, 2018, the Bankruptcy Court entered a consent order granting the Rule 2004 Motion, and thereafter, Rothmund produced documents in August 2018 and testified at the Rule 2004 Examination on September 6, 2018.

In the meantime, on July 12, 2018, Rothmund received the discharge in his bankruptcy case. On July 10, 2019, Jenzack initiated an adversary proceeding against Rothmund by filing a Complaint seeking revocation of Rothmund's discharge pursuant to §727 of the Bankruptcy Code. The Complaint alleges that through post-discharge document production and testimony at the Rule 2004 Examination, Jenzack first learned that the information Rothmund had provided prior to his discharge was false, fraudulent, and/or woefully incomplete, particularly with respect to his income and the assets and liabilities of his various entities.

Jenzack moved for summary judgment in the adversary proceeding in Bankruptcy Court, arguing that Jenzack first learned of Rothmund's alleged hidden income and assets after discharge was granted through discovery conducted pursuant to the Rule 2004 Order, as well as from materials produced in September 2019 by an entity of Rothmund's called Automatic Empire LLC in a state court action against Rothmund's business partner. The Summary

Judgment Motion argues that the information obtained through this discovery shows "the actual state of Debtor's financial affairs is favorable and inconsistent with Debtor's statements in the state court actions and to this Court," and asked the Bankruptcy Court to revoke Rothmund's discharge.

In response to Jenzack's summary judgment motion, Rothmund filed an opposition in which he argued that Jenzack had failed to file anything with respect to its claim in Rothmund's bankruptcy prior to the expiration of the deadline to do so, and now improperly sought revocation of Rothmund's discharge based on fraud allegations that should have made prior to discharge. Accordingly, Rothmund argued that Jenzack did not meet the standard for revocation of discharge pursuant to § 727(d) of the Bankruptcy Code.

The Bankruptcy Court held a hearing on the Summary Judgment Motion, during which the Court *sua sponte* raised the fact that Rothmund had failed to comply with Federal Rule of Civil Procedure 56(c)'s requirement that assertions of disputed fact be supported by the record in his opposition to Jenzack's motion. The Court thereafter entered an Order pursuant to Rule 56(e)(1) giving Rothmund the opportunity to submit an affidavit in support of his opposition to Jenzack's motion for summary judgment.

Thereafter, Rothmund filed an affidavit which addressed the various entities in which Rothmund held an interest, the state court litigation through which Jenzack acquired its claim against Rothmund, the discovery Jenzack took in aid of execution, Rothmund's representations in the bankruptcy case regarding his income and assets, and Jenzack's allegations regarding Rothmund's false representations in connection with the bankruptcy case. In response to Rothmund's affidavit, Jenzack filed a reply brief, arguing that Rothmund's affidavit failed to create a dispute as to a material fact that would preclude summary judgment, including that it

"does not attach any materials showing that [Rothmund] provided accurate financial information to the Court, the trustee or to [Jenzack], prior to [the discharge]." After a thorough review and analysis, the Bankruptcy Court granted Jenzack's motion for summary judgment and revoked Rothmund's discharge pursuant to 11 U.S.C. § 727(d)(1). Specifically, the Court found that "[Jenzack] has established, through allegations and evidence not disputed by the Summary Judgment Opposition or Affidavit, certain fraudulent disclosures by [Rothmund] in this bankruptcy case that did allow him to obtain a Discharge without the chapter 7 trustee and creditors understanding the full extent of his assets and whether and how much of those assets were distributable to creditors." App. 25. This appeal followed.

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals from final judgments and orders of the bankruptcy courts. Under the Federal Rules of Bankruptcy Procedure, a district court, sitting as an appellate tribunal, "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. In reviewing a summary judgment decision of the Bankruptcy Court, District Courts apply a plenary or *de novo* standard to legal issues. *See Biase v. Congress Fin. Corp. (In re Tops Appliance City, Inc.)*, 372 F.3d 510, 513 (3d. Cir. 2004). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Chisolm v. McManimon*, 275 F.3d 315, 321 (3d Cir.2001) (quoting Fed.R.Civ.P. 56(c)). The moving party has the burden of demonstrating that no genuine issue of fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To successfully oppose entry of summary judgment, the non-moving party may not simply rest on its pleadings but must designate specific factual averments using affidavits or other permissible

evidentiary materials that demonstrate a triable factual dispute. *See Celotex Corp.,* 477 U.S. at 324.

III.    ANALYSIS

Rothmund has set forth an extensive list of issues that he believes are included in this appeal. Before I address the substance of the appeal, it is first necessary to discuss the fact that most of the arguments Rothmund presents to this Court were not presented or argued before the Bankruptcy Court. Specifically, Rothmund's briefing in this Court argues the following: 1) IBG had no value based on uncollectible receivables owed from Automatic Empire; 2) Automatic Empire had no cash as of the date of filing of the bankruptcy petition; 3) the statute of limitations had expired on the majority of the debt that Automatic Empire owed to IBG as of the petition date; 4) Automatic Empire owed hundreds of thousands of dollars to other creditors beside Jenzack; 5) Jenzack's revocation complaint was filed in bad faith; 6) IBMG's post-petition Mechanic's Lien claim provides no basis to determine that Rothmund's interest in IBG is any amount greater than $0; and 7) the value of the Mechanic's Lien claim was not established as of the petition date and was filed on behalf of IBMG. However, a thorough reading of Rothmund's opposition to Jenzack's summary judgment motion shows that he made none of these arguments before the Bankruptcy Court. App. 371-379. In fact, Rothmund's opposition to the summary judgment motion focuses exclusively on the argument that Jenzack had knowledge of the alleged fraud committed by Rothmund prior to Rothmund's discharge and therefore, revocation would be improper under §727(d)(1), which requires a creditor to be unaware of fraud until after discharge is granted. As none of the arguments set forth above by Rothmund were made before the Bankruptcy Court, this Court will not consider them in determining whether the Bankruptcy Court erred in granting summary judgment for Jenzack. *See In re Kaiser Group Int'l Inc.*, 399 F.3d 558, 565 (3d Cir.2005) ("[W]hen a party fails to raise an issue in the bankruptcy court, the

5

issue is waived and may not be considered by the district court on appeal."); *see also Gardner v. Grandolsky*, 585 F.3d 786 (3d Cir. 2009); *In re Lopez*, 2010 WL 5055826, at *8 (D.N.J. Dec. 2, 2010). It is not enough that Rothmund included these arguments in his Statement of Issues Presented on appeal. He failed to first present these issues to the Bankruptcy Court to rule upon; he cannot now raise additional arguments for the first time and expect them to be ruled upon by this Court. Accordingly, Rothmund's seven arguments set forth above are waived and will not be addressed in this opinion.

The sole issue presented in this appeal is whether Jenzack was or should have been aware of Rothmund's alleged fraud prior to discharge, and therefore fails to meet the standard for revocation of discharge set forth in §727(d)(1). As discussed above, the Bankruptcy Court granted summary judgment in favor of Jenzack, finding that Rothmund failed to present evidence to dispute established facts that certain fraudulent disclosures by Rothmund in his bankruptcy case allowed him to obtain a discharge without the chapter 7 trustees and creditors having a full understanding of his assets and whether and how much of those assets were distributable to creditors. In this appeal, Rothmund argues that Jenzack had an opportunity to dispute the discharge prior to it being granted by the Bankruptcy Court and that Jenzack should have therefore been aware of Rothmund's alleged fraud. Jenzack argues that in his affidavit, Rothmund did not dispute the fact that Jenzack did not learn of the alleged fraud until after discharge, and therefore, the Bankruptcy Court was correct in revoking Rothmund's discharge.

Revocation of a chapter 7 discharge is governed exclusively by 11 U.S.C. § 727(d). *In re Ausmus*, 2015 WL 50000905, at *4 (Bankr. W.D. Ky. Aug. 20, 2015). The Court must revoke the discharge under §727(d) if, *inter alia*, "(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such

discharge." Further, as discussed above, this Court reviews the Bankruptcy Court's grant of summary judgment with a *de novo* standard of review.

First, it is noteworthy that Rothmund did not argue to the Bankruptcy Court that Jenzack's motion for summary judgment should fail because Rothmund's discharge was not obtained through fraud. Rather, Rothmund focused solely on the second part of 727(d)(1) and argued that Jenzack knew of the alleged fraud before Rothmund's discharge was granted. Accordingly, this Court will assume that the first part of the test is satisfied and focus instead on the issue of when Jenzack knew of this fraud.

The record shows that Rothmund admitted that as of January 1, 2010, he was the sole member of IBG. App. 390. In the Schedule A/B that Rothmund filed in his bankruptcy, he stated that the value of his interest in IBG was $0. App. 38. However, on November 27, 2019, a Mechanic's Lien Claim was filed by IBG in the Philadelphia County Court of Common Pleas, asserting that IBG was owed $1,085,964.89 for work done under a contract dated January 11, 2016, with work last performed on or about June 10, 2019. App. 350-355. This Mechanic's Lien Claim was executed by Rothmund on behalf of IBG. App. 355.

After being directed by the Bankruptcy Court to do so, Rothmund submitted a 14-page affidavit. App. 388-401. In his affidavit, Rothmund represented that all of IBG's bank accounts were closed and that IBG had no remaining assets. App. 390. However, Rothmund's affidavit completely fails to address the Mechanic's Lien claim. It makes no attempt to dispute the existence of the claim or the fact that the receivable due under it is an asset of IBG which would give it a value greater than $0 as set forth in Rothmund's bankruptcy schedules. Further, Rothmund's affidavit fails to dispute the fact that Jenzack only learned of the Mechanic's Lien claim when it was filed, which was well after Rothmund received his discharge. Clearly, Jenzack

has established that the Mechanic's Lien claim exists and has established that its position as a receivable due is clearly an asset of IBG, in contradiction with Rothmund's filings in his bankruptcy, as well as establishing that it did not know of this claim prior to Rothmund's discharge. Despite being given the opportunity to do so by the Bankruptcy Court, Rothmund has failed to create an issue of material fact on this issue.

Next, Jenzack attached the Profit and Loss Detail of Automatic Empire to its summary judgment motion. App. AA000993-AA001929. A review of this document shows that Automatic Empire owed IBG as much as $480,306.71 for various things from 2010 to 2015. *See id.* Again, Rothmund's affidavit completely fails to address these receivables and why, despite the existence of them, Rothmund stated that his interest in IBG was $0. Further, Jenzack established that this Profit and Loss Detail was only produced as part of documents produced by a third party in September 2019, well after Rothmund was granted his discharge. Rothmund's affidavit fails to dispute the timing of this production established by Jenzack, and also fails to dispute the fact that Jenzack did not have access to this information prior to discharge.

Accordingly, based on the failure by Rothmund to dispute the existence of the Mechanic's Lien claim and to dispute the fact that receivables of Automatic Empire existed and were due to IBG, I find that the Bankruptcy Court did not err in finding that these were assets of IBG of which Rothmund was aware when he filed his bankruptcy petition and completed his schedules. By choosing to attribute no value whatsoever to his interest in IBG, and then completely failing to even address this discrepancy in his summary judgment opposition or affidavit, Rothmund clearly failed to dispute these material facts. He fraudulently failed to disclose the value of his true interest in IBG, thereby obtaining a discharge to which he would not have been entitled had the information regarding IBG been disclosed. Further, it is clear and

undisputed by Rothmund that Jenzack could not have known about this information prior to discharge.

Rothmund also argues that when Jenzack filed its Rule 2004 Motion in June of 2017, pre-discharge, it sought an examination of Rothmund and production of documents "to investigate and examine the Debtor and the Debtor's fraudulent transfer of assets and contracts…." According to Rothmund, Jenzack's mention of "fraudulent transfer of assets" in this motion is evidence that Jenzack was aware prior to discharge that Rothmund engaged in fraud regarding his bankruptcy filing and Jenzack did nothing. However, as stated above, Rothmund completely failed to present any evidence to the Bankruptcy Court to support the claim that Jenzack had knowledge of the fraud at issue prior to Rothmund's discharge.

Lastly, Rothmund argues that the Bankruptcy Court "rewrote Jenzack's deficient Complaint and Motion in favor of Jenzack." Dkt No. 9, p. 5. This is based upon the following language contained in the opinion of the Bankruptcy Court:

> The Complaint does not specify which subsection or subsections of §727(d) the Plaintiff is alleging applies to warrant revocation of the Discharge. Rather, it only cites §727 generally. Likewise, the Summary Judgment Motion does not cite the subsection or subsections of §727(d)(1) the requirements of which the Plaintiff asserts have been met as a matter of law, instead referring only to §727 generally. However, reading the allegations of the Complaint and the argument in the Summary Judgment Motion together, the Court concludes that the Plaintiff is seeking summary judgment under §727(d)(1) based on the Complaint's allegations that the Debtor-Defendant obtained the discharge through fraud.

(App. 20-21). However, Rothmund does not elaborate on this argument and does not provide any indication of how he was harmed by the Court's conclusion that §727(d)(1) was the section at issue. Rothmund suffered no prejudice because of this. He was aware that Jenzack was seeking revocation under §727, so the Court's use of §727(d)(1) should not have been a surprise to him. This was not an error on the part of the Bankruptcy Court.

Therefore, the Bankruptcy Court committed no error in concluding that Rothmund failed to properly and timely contest evidence in the case at hand, that he failed to disclose the significant value of his interest in IBG, and that this failure constituted a fraud which allowed him to obtain a more favorable discharge. The Bankruptcy Court correctly found that Rothmund offered no facts to dispute Jenzack's evidence that the materials were concealed by Rothmund and that Rothmund obtained the discharge because of such concealment.

## IV.     CONCLUSION

Therefore, upon review of the record in this matter, as well as the parties' briefs, the Bankruptcy Court did not err in granting summary judgment and revoking Rothmund's discharge pursuant to 11 U.S.C. §727(d)(1).  Accordingly, the final judgment of the Bankruptcy Court is affirmed.